# United States District Court
## Central District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.**    LACR 20-00370-VAP-1 |
| **Defendant**    AMBIANCE U.S.A., INC. | **Social Security No.**   N   O   N   E |
| akas:   N/A | (Last 4 digits) |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 10 | 09 | 2020 |

**COUNSEL**    Benjamin N. Gluck, retained
(Name of Counsel)

**PLEA**    [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.    [ ] **NOLO CONTENDERE**    [ ] **NOT GUILTY**

**FINDING**    There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:

**Conspiracy, in violation of Title 18 U.S.C. § 371, as charged in Count 1 of the Information; International Promotional Money Laundering, in violation of Title 18 U.S.C. § 1956(a)(2)(A), as charged in Count 2 of the Information; Entry of Goods Falsely Classified, in violation of Title 18 U.S.C. § 541, as charged in Count 3 of the Information; Entry of Goods by Means of False Statements, in violation of Title 18 U.S.C. § 542, as charged in Count 4 of the Information; Passing False and Fraudulent Papers Through Customhouse, in violation of Title 18 U.S.C. § 545, as charged in Count 5 of the Information; Failure to file Report of Currency Transaction in a Non-Financial Trade or Business, in violation of Title 31 U.S.C. §§ 5331(a)(1) and 5322(b), as charged in Counts 6-8 of the Information.**

**JUDGMENT AND PROB/ COMM ORDER**    The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that:

It is ordered that the defendant shall pay to the United States a special assessment of $3,200, which is due immediately.

Pursuant to USSG §8C3.3(b), the advisory guideline fine range was not determined because it is readily ascertainable that the defendant cannot and is not likely to become able to pay the minimum of the guideline fine range in addition to restitution.

It is ordered that the defendant shall pay restitution in the total amount of $35,227,855.45 pursuant to 18 U.S.C. § 3663A. The amount of restitution ordered shall be paid as follows:

| Victim | Amount |
|---|---|
| Internal Revenue Service | $16,806, 412.04 |
| Department of Homeland Security/ Customs and Border Protection | $18,421,443.41 |

Restitution shall be paid in full immediately. The Court finds from a consideration of the record that the

| USA vs. AMBIANCE U.S.A., INC. | Docket No.: LACR 20-00370-VAP-1 |
|---|---|

defendant's economic circumstances allow for a full and immediate payment of restitution.

The defendant shall be held jointly and severally liable with co-defendant Sang Bum Noh for the amount of restitution ordered in this judgment. The victims' recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victims receive full restitution.

Pursuant to Guideline §5E1.2(a), all fines are waived as the Court finds that the defendant has established that the defendant is unable to pay and is not likely to become able to pay any fine.

The Court has entered a money judgment of forfeiture against the defendant, which is hereby incorporated by reference into this judgment and is final.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Ambiance U.S.A., Inc., is hereby placed on probation on Counts One through Eight of the Information for a term of five (5) years. This term consists of five years on each of Counts One through Eight of the Information, all such terms to run concurrently under the following terms and conditions:

1. The Defendant Corporation shall comply with the rules and regulations of the United States Probation & Pretrial Services Office. As Amended General Order 20-04 applies to individuals, it shall be deleted from the original Court order.

2. The Defendant Corporation shall provide the Probation Officer with access to any and all business records, client lists and other records pertaining to the operation of Ambiance U.S.A., Inc., as directed by the Probation Officer.

3. The Defendant Corporation shall provide the Probation Officer access to any requested financial information.

4. The Defendant Corporation shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding Court-ordered financial obligation.

5. Within 30 days from the date of this judgment, the Defendant Corporation shall designate an official of the Corporation to act as the Corporation's representative and to be the primary contact with the Probation Officer.

6. The Defendant Corporation shall answer truthfully all inquiries by the Probation Officer and follow the instructions of the Probation Officer.

7. The Defendant Corporation shall notify the Probation Officer ten days prior to any change in the principal business or mailing address or within 72 hours if advance notice is not possible.

8. The Defendant Corporation shall permit a Probation Officer to visit the corporation at any of its operating business sites.

9. The Defendant Corporation shall report to the Probation Officer as directed and shall submit a truthful and complete written report within the first five days of each month.

10. During the period of community supervision, the Defendant Corporation shall pay the special

Case 2:20-cr-00370-VAP   Document 46   Filed 10/16/20   Page 3 of 6   Page ID #:342

| USA vs.   AMBIANCE U.S.A., INC. | Docket No.: | LACR 20-00370-VAP-1 |

assessment and restitution in accordance with this judgment's orders pertaining to such payment. The payment schedule is set forth in Exhibit E to the Plea Agreement filed August 25, 2020 (Dkt. No. 6).

11. The Defendant Corporation shall not commit another federal, state or local crime.

12. The Defendant Corporation shall develop and submit to the Court an effective compliance and ethics program consistent with §8B2.1 (Effective Compliance and Ethics Program), which will be called "the program.". The Defendant Corporation shall include in its submission a schedule for implementation of the compliance and ethics program.

13. Upon approval by the Court of a program referred to in Condition 12, the Defendant Corporation shall notify its employees and shareholders of its criminal behavior and its program referred. Such notice shall be in a form prescribed by the Court.

14. The Defendant Corporation shall make periodic submissions to the Court or Probation Officer, at intervals specified by the Court, (A) reporting on the defendant organization's financial condition and results of business operations, and accounting for the disposition of all funds received, and (B) reporting on the defendant organization's progress in implementing the program. Among other things, reports under subparagraph (B) shall disclose any criminal prosecution, civil litigation, or administrative proceeding commenced against the defendant, or any investigation or formal inquiry by governmental authorities of which the defendant organization learned since its last report.

15. The defendant organization shall develop and implement an effective anti-money laundering compliance and ethics program as set forth in Exhibit C to the Plea Agreement for Defendant Ambiance U.S.A., Inc., filed on August 25, 2020 (Dkt. No. 6).

16. The defendant organization shall retain an independent, third-party compliance monitor (the "Monitor") to review and assess in a professionally independent and objective fashion the Defendant Corporation's compliance with anti-money laundering laws, as well as Defendant Corporation's compliance with the terms of defendant's sentence in this matter. The Monitor's duties, powers, and responsibilities are set forth in Exhibit D to the Plea Agreement for Defendant Ambiance U.S.A., Inc., filed on August 25, 2020 (Dkt. No. 6). The Defendant Corporation will engage the Monitor within ninety (90) calendar days, as described in Exhibit D, from the date the Court imposes defendant organization's sentence.

17. The Defendant Corporation, or its successors-in-interest, if applicable, shall provide the USAO and the Probation Officer with immediate notice of any name change, business reorganization, sale or purchase of assets not in the usual course of business, divestiture of assets, or similar action materially impacting its ability to pay the sums per the schedule ordered by the Court and set out in Exhibit E to the Plea Agreement for Defendant Ambiance U.S.A., Inc., filed on August 25, 2020 (Dkt. No. 6). Notice shall be delivered by certified mail to: United States Attorney's Office, Chief of the Criminal Division, 312 N. Spring Street, Suite 1200, Los Angeles, California, 90012. No change in name, change in corporate or individual control, business reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter the defendant organization's responsibilities under the terms of its probation.

Defendant is informed of his right to appeal.

| USA vs. | AMBIANCE U.S.A., INC. | Docket No.: | LACR 20-00370-VAP-1 |
|---|---|---|---|

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

October 16, 2020
Date

*/s/ Virginia A. Phillips*
U.S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

October 16, 2020
Filed Date

By /s/ Christine Chung
Deputy Clerk

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant must not commit another federal, state, or local crime;
2. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;
3. The defendant must report to the probation office as instructed by the court or probation officer;
4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;
5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;
6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;
7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;
8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;
9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;
10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;
13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;
14. As directed by the probation officer, the defendant must notify specific persons and organizations of specific risks posed by the defendant to those persons and organizations and must permit the probation officer to confirm the defendant's compliance with such requirement and to make such notifications;
15. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

| | | | |
|---|---|---|---|
| USA vs. | AMBIANCE U.S.A., INC. | Docket No.: | LACR 20-00370-VAP-1 |

☐ The defendant must also comply with the following special conditions (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1). Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

1. Special assessments under 18 U.S.C. § 3013;
2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid):
    Non-federal victims (individual and corporate),
    Providers of compensation to non-federal victims,
    The United States as victim;
3. Fine;
4. Community restitution, under 18 U.S.C. § 3663(c); and
5. Other penalties and costs.

**CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS**

As directed by the Probation Officer, the defendant must provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant must maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds must be deposited into this account, which must be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, must be disclosed to the Probation Officer upon request.

The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

USA vs.   AMBIANCE U.S.A., INC.                              Docket No.:   LACR 20-00370-VAP-1

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____   By _____
Date                    Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____   By _____
Filed Date              Deputy Clerk

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____                          _____
         Defendant                                  Date

_____                                    _____
U. S. Probation Officer/Designated Witness         Date